IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 06-00103-05-CR-W-ODS |
| RYAN T. LINDSEY, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION
## TO ACCEPT DEFENDANT'S GUILTY PLEA

On August 21, 2006, I held a change-of-plea hearing after this case was referred to me by United States District Judge Ortrie Smith. I find that Defendant's plea was voluntary and therefore recommend that it be accepted.

### *I. BACKGROUND*

On March 15, 2006, an indictment was returned, charging Defendant with, *inter alia*, conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. Defendant was present, represented by appointed counsel Jason Billam. The government was represented by Assistant United States Attorney Kate Mahoney. The proceedings were recorded and a transcript of the hearing was filed on August 22, 2006.

### *II. AUTHORITY OF THE COURT*

The authority of federal magistrate judges to conduct proceedings is created and defined by the Magistrates Act, 28 U.S.C. § 636. Besides certain enumerated duties, the Act provides that a "magistrate may be assigned such additional duties as are not inconsistent with the Constitution and the laws of the United States." 28 U.S.C. § 636(b)(3).

The Eighth Circuit, following the reasoning of several other circuits, has held that magistrate judges may preside over allocutions and pleas in felony cases, so long as certain procedural safeguards are met. United States v. Torres, 258 F.3d 791, 795-96 (8th Cir. 2001); see also United States v. Dees, 125 F.3d 261 (5th Cir. 1997), United States v. Williams, 23 F.3d 629 (2d Cir. 1994). The reasoning applied by the appellate courts relies upon previous opinions by the United States Supreme Court that conducting jury *voir dire* falls within a magistrate judge's "additional duties" when the defendant has consented. See Torres, 258 F.3d at 795 (citing Peretz v. United States, 501 U.S. 923 (1991); Gomez v. United States, 490 U.S. 858 (1989)).

In Peretz, the Supreme Court held that when a defendant consents to a magistrate judge's involvement in *voir dire*, he waives any objection based on his right to have an Article III judge hear his felony case. 501 U.S. at 936. Moreover, the availability of *de novo* review by a district judge preserves the structural guarantees of Article III. Torres, 258 F.3d at 795. Applying the Peretz holding and adopting the reasoning of Williams, the Eighth Circuit held that the acceptance of guilty pleas bears adequate relationship to duties already assigned by the Magistrates Act in that "[a]n allocution is an ordinary garden variety type of ministerial function that magistrate judges commonly perform on a regular basis." Id. (quoting Williams, 23 F.3d at 633). Plea allocutions are substantially similar to evidentiary proceedings explicitly assigned by the Act. Id. at 796 (citing Dees, 125 F.3d at 265). Even if taking a guilty plea were considered to be of greater importance than those duties already assigned, the consent of the defendant saves the delegation. Id. "Consent is the key." Id. (quoting Williams, 23 F.3d at 633).

The Torres court also addressed the implications of such a delegation for Article III's case and controversy clause. Id. Because plea proceedings are submitted to the district court for

2

approval, the court retains ultimate control over the proceedings and is not bound to accept a plea taken by a magistrate judge. Id. Moreover, the district court's *de novo* review of the plea proceedings contributes to the ministerial nature of the magistrate judge's role. Id.

Based on the above, I find that, with the consent of the defendant, the District Court may properly refer a felony case to a Magistrate Judge for conducting a change-of-plea hearing and issuing a report and recommendation on whether the plea should be accepted.

### III. FINDINGS OF FACT

1. The parties consented to the delegation of the change of plea to the magistrate judge (Tr. at 2-3).

2. On March 15, 2006, an indictment was returned charging Defendant Lindsey with, *inter alia*, one count of conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846 (Tr. at 4). The court read the charge against Defendant and Defendant indicated that he understood the nature of the charge (Tr. at 4).

3. The statutory penalty for conspiracy to distribute methamphetamine is not less than ten years but not more than life imprisonment, a fine of up to $4 million, a supervised release term of not less than 5 years, and a $100 mandatory special assessment fee (Tr. at 4-5).

4. Defendant was advised of the following:

   a. That he has a right to a trial by jury of at least 12 individuals and that their verdict must be unanimous (Tr. at 5);

   b. That he has the right to assistance of counsel throughout the trial (Tr. at 5-6);

   c. That Defendant is presumed innocent, and the government has the

3

burden of coming forward to prove Defendant's guilt beyond a reasonable doubt (Tr. at 6);

    d.    That Defendant's attorney would have the opportunity to cross-examine the government's witnesses (Tr. at 6-7);

    e.    That Defendant has the right to testify but does not have to, and that the jury could not make an adverse inference from the fact that Defendant may not testify at trial (Tr. at 7-8);

    f.    That Defendant has the right to subpoena witnesses to testify on his behalf (Tr. at 7); and

    g.    That Defendant has the right to appeal any conviction to the Eighth Circuit Court of Appeals (Tr. at 8-9).

5.    Defendant was informed and understood that by pleading guilty, he was giving up all of the rights described above (Tr. at 9-10).

6.    Defendant was informed that during the change-of-plea proceeding, he would be placed under oath and questioned by counsel and the judge (Tr. at 10). Defendant was further informed that he must answer questions truthfully while under oath (Tr. at 10). Defendant stated that he understood (Tr. at 10).

7.    Government counsel stated that this has been an open file case (Tr. at 11). If this case were to be tried, the government's evidence would be that on January 13, 2005, Defendant was stopped in Grain Valley, Jackson County, Missouri, for not having a license plate (Tr. at 11). He was arrested on a warrant and, during an inventory search of his vehicle, police recovered two firearms, some drug paraphernalia, a partially smoked marijuana joint, and some counterfeit currency (Tr. at

4

11-12).

In addition, Defendant later came to the attention of law enforcement when co-defendants Dettlaff and Lasure were investigated in Lee's Summit, Missouri (Tr. at 12). A witness would testify that Defendant supplied methamphetamine to co-defendants Dettlaff and Lasure approximately fifty times (Tr. at 12). Half of the time Defendant sold them a quarter ounce or approximately seven grams; he sold them approximately one-half ounce or fourteen grams the remainder of the times (Tr. at 12). The total amount sold by Defendant to co-defendants Dettlaff and Lasure was nineteen ounces or five hundred and thirty-two grams (Tr. at 12).

Defendant was arrested on August 10, 2005, along with co-defendants Dettlaff and Lasure, at 1807 Southwest 2nd Street, the address at which they lived and much of the drug distribution took place (Tr. at 12). Methamphetamine paraphernalia and methamphetamine were recovered from the house (Tr. at 12).

8. Defense counsel stated that he had reviewed the government's file and confirmed from his own independent investigation that it was wise for Defendant to plead guilty (Tr. at 12-13).

9. Defendant admitted that between January 1, 2004, and February 27, 2006, he knew co-defendants Dettlaff, Lasure, Stewart, and McMahan (Tr. at 13, 15). During this same time period, Defendant had an agreement with these individuals to distribute methamphetamine (Tr. at 13-14, 15). Defendant knew that it was against the law to distribute methamphetamine, yet he intentionally conspired to do so anyway (Tr. at 14). Five hundred grams or more of methamphetamine was distributed pursuant to this agreement (Tr. at 14, 15). The agreement and subsequent activities all took place in Jackson County in the Western District of Missouri (Tr. at 15).

10. Defendant stated that he had reviewed the plea agreement with his attorney and

5

understood the terms of the agreement (Tr. at 15-16). I then reviewed the terms of the plea agreement with Defendant (Tr. at 16-21). According to the agreement, the government agreed to dismiss Counts Two and Three at the time of sentencing (Tr. at 3-4, 16-17).

11. No one has made any threats or any other promises in order to get Defendant to plead guilty (Tr. at 21-22).

12. Defendant is satisfied with the representation he has received from his attorneys (Tr. at 22). There is nothing they have done that Defendant did not want them to do, and there is nothing Defendant wanted them to do that they have not done (Tr. at 22).

13. Defendant is 24 years old and has an eleventh-grade education (Tr. at 22). He has not had any difficulty understanding the plea agreement or anything that took place during the change-of-plea hearing (Tr. at 22-23). Defendant does not have any physical or mental health concerns that would prevent him from entering an intelligent and voluntary plea of guilty to this charge (Tr. at 23). Defendant was not under the influence of drugs or anything else that would cloud his ability to intelligently waive his right to a jury trial (Tr. at 23).

14. Defendant tendered a plea of guilty to the crime charged in Count One of the Indictment (Tr. at 24).

15. The parties waived the ten-day objection period to the Report and Recommendation (Tr. at 25-26).

### V. ELEMENTS OF THE CHARGED OFFENSE

The elements necessary to sustain a conviction for conspiracy to distribute methamphetamine include: (1) an agreement to distribute methamphetamine; (2) the defendant knew of the agreement; and (3) the defendant intentionally joined the conspiracy. United States v. Savatdy, 452 F.3d 974,

977 (8th Cir. 2006).

## V.  CONCLUSION

Based on the above, I make the following conclusions:

1. The district court may lawfully refer this case to a magistrate judge for issuance of a report and recommendation on whether Defendant's guilty plea should be accepted.

2. Defendant has consented to having his plea taken by a magistrate judge.

3. Defendant knowingly and voluntarily pleaded guilty to conduct establishing every element of the crime charged in Count One of this indictment.

Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order accepting Defendant's guilty plea and adjudging Defendant guilty of the offense charged.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
August 24, 2006